IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALEXIS EDGARDO BAUTISTA CALLES,** | |
| **Petitioner,** | **CIVIL ACTION NO.  26-5539** |
| **v.** | |
| **JAMAL L. JAMISON, *et al*.,** | |
| **Respondents.** | |

<u>**MEMORANDUM OPINION**</u>

**Rufe, J.**                                                                                    **August 11, 2026**

Petitioner Alexis Edgardo Bautista Calles is one of numerous individuals detained

pursuant to Respondents' newfound interpretation of Section 235 of the Immigration and

Nationality Act ("INA"), codified at 8 U.S.C. § 1225. Mr. Bautista Calles now files a Petition for

a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, arguing that his detention is unlawful in

violation of the INA, violates the Administrative Procedures Act ("APA"), and denies him

substantive and procedural due process.[1] For the reasons stated herein, and consistent with

hundreds of rulings in this District,[2] Mr. Bautista Calles' Petition will be granted.

---

[1] Pet. [Doc. No. 1].

[2] *See, e.g.*, *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (noting that, as of November 18, 2025, 282 of 288 district court decisions had found that the application of § 1225(b)(2) to noncitizens residing in the United States is unlawful); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025)*; Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025)*; Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025)*; Patel v. McShane*, No. 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Centeno Ibarra v. Warden of the Fed. Det. Ctr. Phila.*, No. 25-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025)*; Flores Obando v. Bondi*, No. 25-6474, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025); *Yilmaz v. Warden of the Fed. Det. Ctr. Phila.*, No. 25-6572, 2025 WL 3459484 (E.D. Pa. Dec. 2, 2025); *Conde v. Jamison*, No. 25-6551, 2025 WL 3499256 (E.D. Pa. Dec. 5, 2025); *Bhatia v. O'Neill*, No. 25-6809, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025); *Anirudh v. McShane*, No. 25-6458, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025); *Picon v. O'Neill*, No. 25-6731, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025). Since then, numerous additional decisions have ruled against the government. *See, e.g.*, *Kanaut v. Rose*, No. 25-6869, 2026 WL 36690 (E.D. Pa. Jan. 6, 2026); *Francois v. Noem*, No. 25-7334, 2026 WL 27565 (E.D. Pa. Jan. 5, 2026); *Lara Cordon v. Jamison*, No. 25-6937, 2025 WL 3756948 (E.D. Pa. Dec. 29, 2025); *Kumar v. McShane*, No. 25-6238, 2025 WL 3722005 (E.D. Pa. Dec. 23, 2025); *Alekseev v. Warden, Phila. Fed. Det. Ctr.*, No. 26-0462, 2026 WL 413439, at *1 (E.D. Pa. Feb.

## I.    BACKGROUND

Mr. Bautista Calles is a noncitizen from Honduras, who entered the United States without inspection in or around 2007.[3] Following his entry into the county, he settled in Philadelphia, Pennsylvania, where he has lived for 19 years along with his partner of 18 years, his partner's autistic U.S. citizen son, and three of his own U.S. citizen children.[4] Mr. Bautista Calles has continuously remained in the United States since his 2007 entry.[5] Petitioner has no criminal record and no prior interaction with law enforcement other than regarding minor traffic infractions. He regularly attends his local church, plays soccer on a neighborhood team, pays his taxes, and has run a construction business with his cousin for 8 years.[6]

On August 4, 2026, Department of Homeland Security ("DHS") officers approached Mr. Bautista Calles outside his home while he was preparing to go to work.[7] The officers arrested and detained him without a bond hearing.[8] Mr. Bautista Calles is currently detained at the Philadelphia Federal Detention Center.[9] His detention results from Respondents' revised interpretation of § 1225(b)(2)(A), whereby they have newly elected to classify individuals who have been long present in the United States without lawful status as "applicant[s] for admission"

---

13, 2026) (identifying that all 201 decisions in this District have rejected the government's position). Among this District's most recent decisions are *Ramos de la Rosa v. Jamison*, No. 26-5344, 2026 WL 2244026 (E.D. Pa. Aug 4, 2026), *Exant v. Jamison*, No. 26-5347, 2026 WL 2244028 (E.D. Pa. Aug. 4, 2026), and *Ordonez Sarmiento v. Jamison*, No. 26-5453 (E.D. Pa. Aug. 6, 2026).

[3] Pet. ¶¶ 1-2 [Doc. No. 1].

[4] *Id*. ¶ 3.

[5] *Id*. ¶ 4.

[6] *Id*. ¶ 3.

[7] *Id*. ¶ 4.

[8] *Id*.

[9] *Id*. ¶ 14.

who are "seeking admission," and thus subject to detention without a bond hearing, rather than subject to detention with a bond hearing pursuant to 8 U.S.C. § 1226(a).[10]

On August 5, 2026, Mr. Bautista Calles filed the instant Petition.[11] Consistent with its established practice for recent cases involving individuals detained by Respondents under 8 U.S.C. § 1225(b)(2)(A), this Court ordered the government to show cause why the Petition should not be granted and scheduled a hearing on the matter.[12] By stipulation of the parties, the Court cancelled the show cause hearing and resolved to decide the case on the papers.[13]

## II.    LEGAL STANDARD

Federal district courts are authorized to grant a § 2241 petition when the petitioner is detained "in violation of the Constitution or laws or treaties of the United States."[14] It is the petitioner's burden to show that his detention violates the Constitution or federal law.[15]

## III.    DISCUSSION

The decisive issue is whether the mandatory detention provided for in 8 U.S.C. § 1225(b)(2)(A) extends to noncitizens who, despite not being admitted or paroled, have established their presence in the United States.[16] As the government notes, courts have

---

[10] *Id*. ¶¶ 6-9; Gov't Resp. at 1-2 [Doc. No. 5]; 8 U.S.C. § 1225(b)(2)(A).

[11] Pet. [Doc. No. 1].

[12] 8/5/26 Order [Doc. No. 2]. The Court thereafter granted a request for a one-day extension for the government to show cause why the Petition should not be granted. 8/6/26 Order [Docs. No. 3, 4].

[13] 8/11/26 Stipulation & Order [Doc. No. 7].

[14] 28 U.S.C. § 2241(c)(3).

[15] *See Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

[16] Respondents do not contest whether this Court has jurisdiction to review Mr. Bautista Calles' petition. In any event, the Court has jurisdiction, as the various INA jurisdiction-stripping statutes, *see, e.g.*, 8 U.S.C. § 1252(g); 8 U.S.C. § 1252(a)(2)(B)(ii); 8 U.S.C. § 1252(b)(9), do not apply. *See Yilmaz*, 2025 WL 3459484, at *2 (concluding that the jurisdiction-stripping statutes are not germane because the petitioner "challenges his detention rather than the initiation of removal proceedings, because [the petitioner] cannot obtain relief for his detention following a final order regarding removal, and because [the petitioner's] detention is not the byproduct of a discretionary determination").

confronted this question repeatedly in the past months.[17] Courts in this district,[18] and the

majority of federal appellate courts,[19] have rejected Respondents' position and found that

§ 1225(b)(2)(A) does not cover noncitizens with an established presence in the interior. Still,

"[t]his Court considers each case on an *ad hoc* basis, and its rulings turn on the facts of each case

at issue."[20]

Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for

admission, if the examining immigration officer determines that an alien seeking admission is

clearly and beyond a doubt entitled to be admitted, the alien shall be detained. . . ."[21] Noncitizens

like Mr. Bautista Calles have traditionally been detained, if at all, under 8 U.S.C. § 1226, which

provides a bond hearing to noncitizens.[22] Respondents ask this Court to diverge from its past

interpretation of § 1225 and § 1226 based on decisions from the Fifth and Eighth Circuits, which

held that "seeking admission" was not a separate requirement from the condition be an

"applicant for admission."[23]

The Court need not defer to, and indeed rejects, the reasoning of *Buenrostro-Mendez v.*

*Bondi* and *Avila v. Bondi*. The term "seeking admission," by its plain meaning, connotes present,

ongoing action.[24] "Because some affirmative, present action is required, this phrase cannot apply

---

[17] Gov't Opp'n at 2 [Doc. No. 3].

[18] *See supra* n.1.

[19] *See infra* n.29.

[20] *Diallo v. Bondi*, No. 25-7421, 2026 WL 36534, at *2 (E.D. Pa. Jan. 6, 2026).

[21] 8 U.S.C. § 1225(b)(2)(A).

[22] 8 U.S.C. § 1226.

[23] *Buenrostro-Mendez v. Bondi,* 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi,* No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026). *See also* Opp'n at 3, 5-6 [Doc. No. 4].

[24] *See Kashranov*, 2025 WL 3188399, at *6 (" '[S]eeking admission' describes active and ongoing conduct— physically attempting to come into the United States, typically at a border or port of entry and presenting oneself for inspection and authorization.").

to all noncitizens already residing in the United States."[25] An "applicant for admission" who is "seeking admission" must therefore be a noncitizen at a port of entry seeking to cross into the United States.[26] Respondents' reading would render the term "seeking admission" entirely superfluous.[27] Their reading would also clash with past agency practice and the canon of constitutional avoidance.[28] Thus, the detention of noncitizens in situations like Mr. Bautisa Calles's is governed not by § 1225, but by § 1226(a) and corresponding regulations, which entitle noncitizens to a bond hearing.[29] These considerations only amplify following decisions in the Second, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits adopting the interpretation that Mr. Bautisa Calles advances.[30]

---

[25] *Centeno Ibarra*, 2025 WL 3294726, at *5.

[26] *See Yilmaz*, 2025 WL 3459484, at *3; *Centeno Ibarra*, 2025 WL 3294726, at *5.

[27] *See Ndiaye*, 2025 WL 3229307, at *5 (determining that since Congress's " 'choice of words is presumed to be deliberate and deserving of judicial respect,' this Court must give meaning to the words 'an alien seeking admission.' " (quoting *SAS Inst., Inc. v. Iancu*, 584 U.S. 357, 364 (2018))).

[28] *See id.* at *6 (noting that, since 1997, the DHS had applied § 1226(a) to inadmissible noncitizens residing in the United States); *id.* at *7 (an interpretation of § 1225 allowing for the mandatory detention of noncitizens who have long been present in the country would implicate constitutional questions of due process).

[29] *See Yilmaz*, 2025 WL 3459484, at *3; *see also Centeno Ibarra*, 2025 WL 3294726, at *4-7; 8 C.F.R. § 1236.1(c)(8), (d)(1) (stating that bond is available to noncitizens detained under § 1226(a) and that "the immigration judge is authorized to exercise the authority . . . to detain the [noncitizen] in custody, release the [noncitizen], and determine the amount of bond"); *Jorge-Peralta v. Jamison*, No. 26-1775, 2026 WL 1047057, at *4 (E.D. Pa. Apr. 17, 2026) ("[Petitioner's] detention is instead governed by § 1226 because he is a '[noncitizen] already present in the United States.' " (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018))).

[30] *See Barbosa da Cunha v. Freden*, 175 F.4th 61, 96 (2d Cir. 2026) (declining to apply § 1225(b)(2)(A) to a noncitizen-detainee who "is not 'seeking admission' because he is not requesting lawful entry into the United States after inspection and authorization"); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026) ("Because no Petitioner is alleged to be seeking admission or lawful entry into the United States . . . Petitioners could have been detained pursuant to only § 1226."); *Cirrus Rojas v. Olson*, 25-3127, 2026 WL 2198315, at *17 (7th Cir. July 30, 2026) (concluding that "based on the INA's text, structure, and history that Section 1225(b)(2)(A) unambiguously does not apply to" petitioner who had been long present in the country); *Rodriguez Vazquez v. Bostock*, 25-6842, 2026 WL 2196424, at *26 (9th Cir. July 30, 2026) ("[T]he better and more natural interpretation of the text, considered in context, is that Congress in 1996 did what practice and precedent long understood it to have done: subject unadmitted aliens entering the United States at the border to § 1225(b)(2)(A), and unadmitted aliens present in the interior of the country to § 1226."); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026) ("Based on the statutory text and context, we conclude that § 1225(b)(2)(A)'s application is limited to the border."); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026) (reaching the same result and noting, "Congress has . . . preserved the longstanding border-interior distinction for purposes of detention, a position it has taken for over a hundred years").

Accordingly, Mr. Bautista Calles may be detained under the INA only if, under § 1226(a) and applicable regulations, he receives a bond hearing and the facts show that he poses a risk of flight or danger to the community.[31] Respondents do not allege any facts suggesting that Mr. Bautista Calles poses either concern. To the contrary, he has been in the United States for approximately 19 years, has been in a committed relationship with his partner of 18 years, has helped raise his partner's autistic U.S. citizen child, and has helped raise three of his own U.S. citizen children, while also maintaining employment and community connections through his church and local soccer league.[32] There is no evidence in the record suggesting he has a criminal record—either in the United States or Honduras.[33] As the government does not offer any justification for Mr. Bautista Calles' detention apart from § 1225(b)(2)(A), his present detention is unlawful, and the Court will order his immediate release.[34]

Because Mr. Bautista Calles' detention without a bond hearing violates the INA, the Court need not reach his APA and due process arguments.

## IV.    CONCLUSION

For the foregoing reasons, Respondents were not authorized to mandatorily detain Mr. Bautista Calles without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). The Court will grant his petition and order his immediate release, subject to the possibility of later arrest consistent with § 1226(a) and the terms of the order that follows.

---

[31] *See Yilmaz*, 2025 WL 3459484, at *3; *Centeno Ibarra*, 2025 WL 3294726, at *4, *8 n.69; 8 C.F.R. § 1236.1(c)(8), (d)(1).

[32] Pet. ¶ 43 [Doc. No. 1].

[33] *Id*.

[34] *See Karshranov*, 2025 WL 3188399, at *8 ("[A] habeas court has 'the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.'" (quoting *Boumediene v. Bush*, 553 U.S. 723, 779 (2008)).